FILED
SUPERIOR COURT
OF GUAM

2025 MAY 14 AM 10: 47

CLERK OF COURT

BY:_____/bmv/_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| INTERNATIONAL CONSOLIDATED CONTRACTING, LLC, | CIVIL CASE NO. <u>CV0041-25</u> |
| Plaintiff, | **DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CHRISTOPHER S. CRUZ AND CHRISTOPHER S. WOOLLEY, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on May 6, 2025, for a Motion Hearing on International Consolidated Contracting, LLC's (hereinafter "ICC" or "Plaintiff") Motion for Summary Judgment. Attorney Le Roi Enriquez appeared via Zoom for Defendants Christopher Cruz and Christopher Woolley (hereinafter "Cruz" and "Woolley" or "Defendants"), and Attorney Georgette Bello Concepcion appeared as counsel for Plaintiff. Based on the relevant law and authorities, the Court now issues the following decision and order **GRANTING** Plaintiff's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed its Complaint on a Promissory Note on January 22, 2025, alleging a claim of Default on a Promissory Note. Defendants Answered this Complaint on February 12,

2025. This case was assigned to Judge John C. Terlaje on January 30, 2025, and has now come before the Court on a Motion for Summary Judgment.

The relevant facts regarding the Motion for Summary Judgment are as follows:

1. Defendants executed a Promissory Note in favor of Plaintiff on March 30, 2023. Motion for Summary Judgment at 3 (February 27, 2025).

2. The Note contained language that interest would accrue on the Note at the rate of 6% per annum from the date of the last payment on the Note. *Id.* at 3-4.

3. Defendants made some payments on the Note, but have not made any payments since October 22, 2024. *Id.*

4. Paragraph 6 of the Note also contained the following language: "[i]f Promisor shall default in the payment of principal, interest or other fees or charges when due under this note, and said default is not cured within ten (10) days after demand by Promisee, then, and in any such event, Promisee shall have the option to declare the unpaid principal sum of this note together with all charges and interest accrued thereon to be immediately due and demandable…" Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 3 (March 27, 2025).

5. Plaintiff is not a contractor and is not in the business of making loans. Motion for Summary Judgment at 3.

6. Plaintiff does now and did at the time of the loan have a general business license. *Id.* at 4.

7. Plaintiff is the sole owner of the note and it has never been transferred or assigned to another person. *Id.*

8. Defendants claim that there is a factual dispute as to whether Plaintiff loan obligation is currently due and demandable, as well as whether Plaintiff sent a demand letter before bringing this action. Defendant's Opposition at 4.

9. Plaintiffs have provided evidence that shows a demand letter was sent to Defendants on January 7, 2025 to the addresses listed in the Note, but that both Notices were Returned to Sender as not deliverable or unclaimed on January 14, 2025 and February 18, 2025, respectively. Declaration of Georgette B. Concepcion, Exhibits 1-2 (April 10, 2025).

10. Plaintiffs have also provided evidence that Defendant Cruz recognized they were in default, based on an email he sent on January 7, 2025, which stated "I know that I am late on the payments, and I apologize." *Id.* at Exhibit 3.

11. Plaintiff has claimed that Defendants owe the following in damages:

    1) The principal sum of $186,587.02;

    2) Interest at 6% per annum on the outstanding balance from the date of default (October 23, 2024);

    3) Reasonable attorney's fees and costs of suit.

## II.     LAW AND DISCUSSION

A motion for summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to

the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27, at 7. The role of the Court is to determine whether the disputed facts raised by the nonmoving party paired with the undisputed facts agreed to by both parties are such that no reasonable jury could return a verdict in the favor of the nonmoving party based on those facts. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 631 (9th Cir. 1987).

Upon review of the record and evidence submitted by the parties, Defendants have not sufficiently shown that there is a dispute as to any material fact, nor have they presented sufficient evidence that Plaintiff is not entitled to judgment as a matter of law.

### A. Plaintiff Meets Requirements for Breach of Contract Claim and is Entitled to Judgment as a Matter of Law

The Guam Supreme Court has recognized that in contract disputes, summary judgment should only be granted when the language of the agreement is "unambiguous and conveys a definite meaning." *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9. "A contract must be interpreted as to give effect to the mutual intention of the parties, at the time of contracting." *Edwards*, 2000 Guam 27 (citing 18 GCA § 87102). Under 18 GCA § 85102, a valid contract requires 1) parties capable of contracting; 2) their consent; 3) a lawful object; and 4) a sufficient cause or consideration. The Guam Supreme Court has stated that, to establish a claim for breach of contract, the plaintiff must prove 1) that a contract exists, 2) that the plaintiff performed, 3) that the defendant breached, and 4) that the breach resulted in damages to the Plaintiff. *Hemlani v. Hemlani*, 2015 Guam 16 at 10.

Parties do not dispute that a contract existed and that Plaintiff loaned Defendants $250,000. A written contract exists and the Plaintiff performed by providing the loan money. Under the terms of the Note, payment was to be made in equal monthly installments of $4833.20, beginning in May

2023 and continuing for sixty months. Defendant's last monthly payment was made on October 22, 2024, and Defendants have not provided evidence that any payments have been made since then. Plaintiffs have been damaged as payments have not been made, and through attorney's fees in bringing this claim. Therefore, Plaintiff meets all requirements for a breach of contract claim. Because Plaintiff has provided evidence which clearly shows the existence of a contract, Plaintiff's performance of that contract, Defendants' default in payments and recognition of failure to pay, and resulting damages to Plaintiff, the Court finds that no reasonable jury could find for Defendants. Therefore, Plaintiff is entitled to Judgment as a Matter of Law.

## B. There Are No Issues of Material Fact

In their Opposition, Defendants assert that "there are genuine issues of material fact at issue for trial." Opposition at 3. Defendants disagree that the full amount of the loan obligation is already due and demandable, and believe there is a genuine dispute as to whether Plaintiff sent a demand to Defendants before instituting the present action. The Court ultimately finds that these facts are not in dispute.

According to Defendants, Plaintiff failed to send a demand to Defendants to cure the default or the full amount of the Note would be due. According to Defendants, "This demand is a condition precedent before the loan becomes due and demandable and for the acceleration clause to take effect." Opposition at 3. The Court agrees with this assessment, but disagrees with Defendant's opinion that a demand was never made.

Rule 5(b)(2)(B) of the Guam Rules of Civil Procedure ("GRCP") states that service of documents other than a Complaint and Summons can be made by "mailing a copy to the last known address of the person served" and that such service "by mail is complete on mailing." Therefore, under Guam law, mailing to the last known address is sufficient for service, and the service is

complete when the document is mailed, not when it was received. Plaintiff has provided evidence to the Court that shows a demand was sent to both Defendants at their respective last known addresses. According to Guam law, service of the demand was complete upon mailing to the last known addresses, whether Defendants were still able to receive mail at those addresses or not. Defendants were responsible to keep Plaintiff updated on their addresses.

Defendants also claim that "there is a genuine dispute as to whether Plaintiff sent a demand to the Defendants before instituting the present action." Opposition at 4. However, Plaintiff was not required to send such a demand to Defendants before initiating this action. The language in the Promissory Note clearly states that the demand letter applies only to accelerating the Note, not to filing a lawsuit for defaulted payments. Furthermore, Plaintiff has provided evidence to the Court showing that the demand letter was mailed to the last known addresses of both Defendants, but Defendants have failed to provide materials in the record to support their allegedly disputed facts. When the Court questioned Counsel for Defendants at the hearing held on May 6, 2025 regarding how Plaintiffs should have served the demand differently when Defendants had not updated their addresses, Counsel was unable to answer.

Viewing the evidence in the light most favorable to the nonmovant, the Court finds that there are no genuine disputes as to any material facts in this case, and therefore the movant is entitled to judgment as a matter of law. The Court does not believe that a reasonable jury could return a verdict in favor of the nonmoving party based on the undisputed facts and the nonmoving party's alleged facts, and as such the Court grants Summary Judgment for the Plaintiff.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the Motion for Summary Judgment, and awards Plaintiff the following damages:

1) The principal sum of $186,587.02;

2) Interest at 6% per annum on the outstanding balance from the date of the demand accelerating the Note (January 7, 2025);

3) Reasonable attorney's fees;

4) Costs of suit;

5) Post-judgment interest on the judgment amount at the prevailing judgment interest rate of 6% per annum; and

6) Post-judgment costs of collection.

**SO ORDERED** _5/14_, 2025.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**